■ THOMAS BALDOVIN, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Application to review the order of respondent, State Human Rights Appeal Board, dated November 26, 1982, which affirmed the determination and order of the State Division of Human Rights dated November 24, 1981, which dismissed the complaint on a finding of no probable cause to find that there had been unlawful discriminatory practices, unanimously granted, without costs and without disbursements, only to the extent of remanding the matter to the Division of Human Rights for further proceedings, including an investigation with respect to the complaint dealing with the oral test portion of the examination and for further findings thereon. Petitioner, employed by the Department of Labor as a senior unemployment insurance hearing representative, had taken part in an examination administered by the Department of Civil Service for the position, associate unemployment insurance hearing representative, grade 21. The complaint, limited to the oral test portion of the examination, claimed that the scores of the oral examination had been altered, resulting in women receiving higher grade scores than men. According to petitioner, on the oral test, men scored an average of 76% whereas women scored an average of 89%. Of the 19 males who took the oral test, only two scored above 90%, whereas of the eight females who submitted to the test, five

scored above 90%. In dismissing the complaint after an investigation, the division found that there was no probable cause to conclude that there had been any discriminatory practices in the administration or grading of the test. The order and determination after investigation recited that of the 35 males who had taken the examination, 25 passed with a passing percentage of 77.1, whereas, of the 13 females who took the examination, 10 passed with a passing percentage of 76.9. It appears that petitioner has also sought review before the Civil Service Commission, which proceeding is pending. Our review of the record discloses that in reaching its finding that there was no probable cause, respondent, for the most part, relied upon statistical percentages which evaluated the final passing relationship between males and females who had taken the test. However, as far as appears, respondent made no attempt to isolate that portion of the test to which the complaint was directed, namely, the oral part of the examination. Under the circumstances, on this record, we cannot ascertain whether and to what extent respondent investigated as to the underlying basis of the claim that the scoring of the oral examination had been altered to favor women. The division's reference to statistics, with respect to the over-all examination, does not address the prime complaint, limited to the oral portion of the test. Accordingly, we deem it necessary to remit the matter to the division for further proceedings, including additional investigation with respect to the claim that there had been discrimination in the scoring of the oral test and for further findings thereon. In remitting the matter for further proceedings, we take no position with respect to the merits of the application. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.